1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JESS ANZO, JR.,                              No.: 2:13-CV-00355-KJM-CMK

12                    Plaintiff,

13         v.                                      ORDER

14    UNION PACIFIC RAILROAD
      COMPANY,
15
                      Defendant.
16

17           This matter is before the court on the motion by defendant Union Pacific Railroad

18    Company ("defendant" or "Pacific Railroad") to modify this court's pretrial scheduling order.

19    (ECF 23.)  Plaintiff Jess Anzo, Jr. ("plaintiff" or "Mr. Anzo") opposes the motion.  (ECF 27.)

20    The court held a hearing on this matter on June 20, 2014, at which Larry Lockshin appeared for

21    plaintiff, and Naisha Covarrubias appeared for defendant.  As explained below, the court

22    GRANTS in part and DENIES in part defendant's motion.

23    I.     INTRODUCTION

24           The claims in this case arise out of defendant's alleged negligence in not providing

25    a safe work environment for plaintiff.  (*See* Pl.'s Compl. at 2, ECF 1.)  Plaintiff was employed by

26    defendant "as a maintenance-of-way laborer and machine operator."  (*Id.* ¶ 4.)  Specifically,

27    plaintiff sustained his alleged injuries when "the operator of . . . a tamper being operated behind

28    /////

                                                    1

1  [plaintiff] . . . failed in the performance of his duties . . ." in that the operator of the tamper fell

2  asleep, resulting in a collision with the ballast regulator that plaintiff was operating.  (*Id.* ¶ 5.)

3        Plaintiff filed a complaint in this court on February 22, 2013, arguing jurisdiction

4  under the Federal Employee Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*  (*Id.* ¶ 1.)  Defendant

5  filed an answer on March 27, 2013.  (ECF 5.)

6        An initial scheduling conference was held on August 8, 2013.  (ECF 18 at 1.)  On

7  August 20, 2013, the court issued a pretrial scheduling order, setting certain deadlines for the

8  progression of the litigation.  (*See generally id.*)  Defendant now moves to modify those deadlines

9  (*see* ECF 23), and plaintiff opposes the motion (*see* ECF 27).  Defendant has replied.  (ECF 30.)

10  II.     LEGAL STANDARD

11        Under Federal Rule of Civil Procedure 16(b)(4), a pretrial scheduling order "may

12  be modified only for good cause and with the judge's consent."  Under Rule 16(b)(4), the primary

13  focus is on the diligence of the party seeking the modification.  *Johnson v. Mammoth*

14  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the schedule

15  "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*

16  (internal quotation marks and citation omitted).  In *Johnson,* the Ninth Circuit recognized that

17  while "the existence or degree of prejudice to the party opposing the modification might supply

18  additional reasons to deny a motion, the focus is upon the moving party's reasons . . . .  If that

19  party was not diligent, the inquiry should end."  *Id*. at 609 (internal citation omitted).

20  III.    DISCUSSION

21        In essence, defendant argues that because of plaintiff's actions in delaying

22  discovery, defendant needs more time to complete its discovery.  Plaintiff responds that

23  modifying the schedule is not warranted because defendant still has time to complete its

24  discovery.

25        Here, the court finds that partial modification of the scheduling order is warranted.

26  The original scheduling order set forth the following relevant deadlines:

27       1.  All discovery to be completed by June 30, 2014;

28  /////

2

1       2. Expert witnesses to be designated by March 31, 2014; supplemental list of

2          experts to be disclosed by April 10, 2014; and all expert discovery to be

3          completed by June 30, 2014;

4       3. Dispositive motions to be heard by August 22, 2014;

5       4. The final pretrial conference to be held on October 30, 2014; and

6       5. A jury trial to start on December 8, 2014.

7      Defendant now seeks to modify those deadlines in the following manner:

8       1. All discovery to be completed by December 30, 2014;

9       2. Disclosure of experts to be completed by September 30, 2014, and

10        supplemental list of experts to be disclosed by October 10, 2014;

11      3. Dispositive motions to be heard by February 20, 2015;

12      4. The final pretrial conference to be set on June 19, 2015; and

13      5. A jury trial date to be set on August 10, 2015.

14      Defendant represents in its moving papers that plaintiff's deposition was

15 completed on March 19, 2014 (ECF 23-1 at 4); "[t]he deposition of [p]laintiff's treater Dr.

16 O'Sullivan . . . has been rescheduled to occur on June 11[,] [2014]"; and "the deposition of Mrs.

17 Anzo is . . . scheduled to occur [on] June 16[,] [2014]."  (ECF 23-1 at 5.)  At the hearing, the

18 parties confirmed that the depositions of Mrs. Anzo and Dr. O'Sullivan have been completed.

19        As to defendant's argument that it needs more time to be able to complete an

20 independent medical examination ("IME") of plaintiff, the court finds defendant's reasoning

21 unpersuasive.  Specifically, defendant served plaintiff with a demand for an IME of plaintiff to

22 occur on April 16, 2014.  (ECF 23-3, Ex. 7 at 2.)  On April 4, 2014, plaintiff's counsel informed

23 defendant's counsel that due to "a pre-existing medical appointment," plaintiff would not be

24 available for an IME on April 16, 2014.  (ECF 23-1 at 4.)  Subsequently, defendant "re-noticed

25 [the IME] to occur on May 16, 2014, in Redding[,] California."  (*Id.*)  However, on May 7, 2014,

26 plaintiff's counsel notified defendant's counsel that plaintiff would not be available on May 16,

27 2014, due to an appointment with plaintiff's orthopedic surgeon in Oregon.  (*Id.*)  Defendant

28 reasons that its "medical defense expert is not available to travel to Redding for the examination

1    (requires him to block out 8.5 hours) until the end of July or beginning of August [of 2014]." (*Id.*

2    at 5.)

3            Defendant's medical expert's unavailability alone is an insufficient ground upon

4    which to modify the scheduling order.  Defendant was on notice by May 7, 2014, of plaintiff's

5    unavailability due to plaintiff's knee injection appointment on May 16, 2014, the only day in that

6    week "that the injection could be administered." (ECF 27 at 3.)  Hence, defendant had more than

7    a month until the discovery deadline to arrange an IME on some other day; especially, when

8    plaintiff was willing to "secure a date in very early June or possibly even [end of May] . . . ."

9    (ECF 27 at 4.)

10           Nevertheless, after discussion with the parties, the court believes a partial

11    modification of its scheduling order is warranted to allow defendant to conduct an IME of

12    plaintiff and the parties to conclude the minimum amount of additional discovery they require.

13    Accordingly, the court modifies its scheduling order in the following limited manner:

14           1.    Defendant shall complete the IME of plaintiff on **July 25, 2014**, the date

15                 the parties provided at hearing;

16           2.    Experts are to be disclosed by **August 4, 2014**;

17           3.    Any supplemental list of experts is to be disclosed by **August 15, 2014**.

18           4.    All discovery is to be completed by **August 30, 2014**;

19           5.    Dispositive motions are to be heard by **September 12, 2014**;

20           All the other deadlines provided in the court's pretrial scheduling order remain in

21    effect.

22    IV.    CONCLUSION

23           For the foregoing reasons, the court GRANTS in part and DENIES in part

24    defendant's Motion to Modify the Scheduling Order.

25           IT IS SO ORDERED.

26    DATED: June 30, 2014.

27                                            _____

28                                            UNITED STATES DISTRICT JUDGE

4