UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS ANZO, JR., | Civ. No. 2:13-cv-00355-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

This matter is before the court on defendant's motion for modification of the pretrial scheduling order and to require a second medical examination of plaintiff Jess Anzo. The motion is decided without a hearing and for the following reasons is DENIED.

I. BACKGROUND

This court first issued a scheduling order on August 20, 2013. ECF No. 18. That order set a trial date of December 8, 2014 and a pre-trial conference date of October 30, 2014. The order also included deadlines for expert disclosures, completion of discovery, and hearing of dispositive motions. *Id.* On July 1, 2014, this court granted in part a motion by defendant to modify the scheduling order. ECF No. 37. The July 1, 2014 order set the following deadlines: expert witnesses to be designated by August 4, 2014; any supplemental list of experts disclosed by August 15, 2014; all discovery completed by August 30, 2014; and dispositive motions to be

heard by September 12, 2014. *Id.* Pretrial conference remains set for October 30, 2014 and trial for December 8, 2014.

The present motion was filed on August 28, 2014. Def.'s Mot. ECF No. 45. Plaintiff filed his opposition on September 8, 2014. Opp'n ECF No. 47. Defendant filed a reply on September 19, 2014.

## II. MOTION TO MODIFY

### A. Standard

Federal Rule of Civil Procedure 16(b)(4) states, "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id.*

### B. Analysis

Defendant requests the court modify the scheduling order to allow an additional approximately 30 days for defendant's experts to review transcripts from depositions of plaintiff's experts and use that information as a basis for a rebuttal and/or supplemental report. Def.'s Mot. at 2-3. Defendant also contends plaintiff has unnecessarily delayed discovery by failing to correspond and by posing obstacles to scheduling depositions with plaintiff's medical providers. Def.'s Mot. at 2-3, 6. Plaintiff responds defendant has canceled and rescheduled existing depositions with plaintiff's treating physicians as a pretext for modifying the scheduling order and moving the trial date. Opp'n at 7-8. Plaintiff also alleges in his opposition "all of Mr. Anzo's treating physicians have been deposed" and "the depositions of each of plaintiff's retained expert witnesses are all scheduled." *Id.*

/////

As noted, a party seeking modification of the scheduling order must demonstrate due diligence in its attempt to meet the deadline. In fact, when a party seeks to modify the court's scheduling order, the court must first examine that party's diligence, and "[i]f the party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Despite defendant's assertions plaintiff has obstructed discovery and depositions, the court must look to the movant's diligence in deciding the motion; through diligence defendant would have properly challenged any perceived obstruction through meet and confer and motion practice. Here, defendant has had over a year of discovery time to depose and collect transcripts for their experts to review. With the exception of Dr. Kauder, discussed below, defendants have not even asserted denial of an opportunity to review materials or depose an individual material to their defense. The court has already once modified the scheduling order to allow an additional 60 days for discovery. ECF No. 37. Defendant has subpoenaed all of the remaining parties it wishes to depose, and has offered no evidence plaintiff has obstructed responses to those subpoenas; plaintiff offers uncontradicted evidence that defendant itself has rescheduled or canceled depositions. *See* Pl.'s Ex. 3-5 ECF No. 47-1.

The court does not find good cause to modify the scheduling order. Defendant has had sufficient time to review transcripts and schedule depositions. Rule 16(b)'s good cause standard has not been met, and defendant's motion for modification will be denied.

### III.  MOTION TO ORDER MEDICAL EXAMINATION

#### A. Standard

The standards for determining whether a court should order a physical or mental examination are found in Rule 35 of the Federal Rules of Civil Procedure. Rule 35 provides that the court may, for good cause shown, order a physical or mental exam by a "suitably licensed or certified examiner" of a party whose physical or mental condition is "in controversy." FED. R. CIV. P. 35(a)(1), (2). The primary case regarding the scope of Rule 35 is *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). There, the Supreme Court stated:

> [The 'in controversy' and 'good cause' requirements of Rule 35] are not met by mere conclusory allegations of the pleadings – nor

3

> by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

379 U.S. at 118.

While recognizing the two requirements "are necessarily related," the Court in *Schlagenhauf* made clear that showing "good cause" requires more than just showing that health is "in controversy."  The movant must show good cause exists "for each particular examination" and the court must consider the movant's ability to obtain the information by other means. *Id*.  In determining "good cause," factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove his claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress. *Williams v. Troehler*, 108CV01523OWWDLB, 2010 WL 121104 (E.D. Cal. Jan. 7, 2010); *see Turner v. Imperial Stores*, 161 F.R.D. 89, 97-98 (S.D. Cal. 1995) (expert testimony); *Ragge v. MCA/Univeral Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) (ongoing emotional distress); *Schlagenhauf*, 379 U.S. at 118-19 (availability by other means).  "'Good cause' is established by a showing that the defendant has no other method to discover relevant information; there is simply no less intrusive means." *Ragge*, 165 F.R.D. at 608.

### B.  Analysis

In plaintiff's timely disclosure of expert witnesses to defendant, he provided a report authored by Dr. Kauder, a neuropsychologist who evaluated the plaintiff's records in May 2014.  Def's. Mot. at 8.  Defendant argues that Dr. Kauder's report was the first assertion of potential neuropsychological issues. *Id.*  Therefore, defendant requests more time to conduct a second examination of Mr. Anzo so it may adequately address Dr. Kauder's findings. *Id.* at 9.  Plaintiff contends defendant has unduly delayed in seeking this examination; plaintiff's medical

/////

records are fully disclosed to defendant and are sufficient to communicate the nature of plaintiff's injuries. Opp'n at 9-10, 13.  The court agrees.

Defendant has not met its burden to show good cause under Rule 16.  Plaintiff persuasively contends neuropsychological testing is "routine and common" in association with his asserted head injuries. *Id*. at 1.  Defendant has long been aware of plaintiff's head trauma, which would foreseeably include such testing. *See* Ex. 9 ECF No. 47-1; Opp'n at 9-10 (compiling statements regarding Anzo's head trauma made in depositions taken 2011-13).

There has been information available to alert defendant to the potential need for an independent neuropsychological evaluation given plaintiff's head trauma documented since before the beginning of this action.  It is not disputed defendant received "regular reports from plaintiff's treating physicians in the 20 months after June 2011 and before early February 2013 when Mr. Anzo retained counsel." Opp'n at 5.  Any information gained in a second examination is likely available by other means.  For example, defendant has already retained its own expert, Dr. Feinberg, to review the medical records reviewed by Dr. Kauder. *Id*. at 13-14.  The court finds the potential for neuropsychological issues should have come as no surprise to defendant, and a second examination is unwarranted.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that defendant's motion to modify the pretrial scheduling order and to order a medical examination of the plaintiff is DENIED.

DATED: October 10, 2014.

_____
UNITED STATES DISTRICT JUDGE